1

2

3 # UNITED STATES DISTRICT COURT

4 ## EASTERN DISTRICT OF CALIFORNIA

5

| | |
|---|---|
| 6 JOSEPH AUGUST MARSALA, | Case No. 1:22-cv-00843-BAM (PC) |
| 7 Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO |
| 8 v. | ACTION |
| 9 DIAZ, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR |
| 10 Defendants. | PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER |
| 11 | (ECF No. 4) |
| 12 | **FOURTEEN (14) DAY DEADLINE** |
| 13 | |

14     Plaintiff Joseph August Marsala ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

15 *forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet

16 been screened.

17 **I.     Motion for Preliminary Injunction and Temporary Restraining Order**

18     On July 11, 2022, Plaintiff filed a document titled "Order to Show Cause For an

19 Preliminary Injunction & a Temporary Restraining Order," which the Court construes as a motion

20 for preliminary injunction and temporary restraining order. (ECF No. 4.) Plaintiff requests an

21 order enjoining defendants, their successors in office, agents and employees and all other persons

22 acting in concert and participation with them, from knowingly serving Kosher inmates at Sierra

23 Conservation Center rancid or sour dinner trays, to determine and eliminate the cause of rancid or

24 sour dinner trays being served to Plaintiff and other inmates at Sierra Conservation Center, and if

25 it is determined that distributor LaBriute is responsible for the rancid or sour Kosher dinner trays,

26 to cancel the contract with LaBriute and find another distributor of Kosher meals. Plaintiff

27 further requests an order preventing Defendants or their officers, agents, employers, and all

28 persons acting in concert or participation with them, from denying the replacement of any tray,

1   regardless of how many previous trays were rancid and served to Plaintiff or other Kosher

2   inmates at Sierra Conservation Center, to ensure that the inmate is given rations that are edible

3   and not toxic to consume, and that extra attention is given to the identification of rotten trays, and

4   their lot numbers.  (*Id.*)

5        "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter*

6   *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a

7   preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

8   suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

9   favor, and that an injunction is in the public interest."  *Id.* at 20 (citations omitted).  An injunction

10  may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id.* at 22 (citation

11  omitted).

12       Federal courts are courts of limited jurisdiction and in considering a request for

13  preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it

14  have before it an actual case or controversy.  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);

15  *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S.

16  464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no

17  power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18

18  U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find

19  the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation

20  of the Federal right, and is the least intrusive means necessary to correct the violation of the

21  Federal right."

22       Furthermore, the pendency of this action does not give the Court jurisdiction over prison

23  officials in general.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v.*

24  *United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties

25  in this action and to the viable legal claims upon which this action is proceeding.  *Summers*, 555

26  U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

27       Plaintiff has not met the requirements for the injunctive relief he seeks in this motion.  The

28  Court is required to screen complaints brought by prisoners seeking relief against a governmental

1    entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's

2    complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to

3    state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

4    who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

5         As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has

6    shown a likelihood of success on the merits.  In addition, no defendant has been ordered served,

7    and no defendant has yet made an appearance.  Thus, the Court at this time lacks personal

8    jurisdiction over Defendants or any other staff at CDCR or Sierra Conservation Center.

9    **II.    Order and Recommendation**

10        Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a

11   District Judge to this action.

12        Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary

13   injunction and temporary restraining order, (ECF No. 4), be DENIED.

14        These Findings and Recommendation will be submitted to the United States District Judge

15   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

16   **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

17   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

18   Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

19   specified time may result in the waiver of the "right to challenge the magistrate's factual

20   findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

21   *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

22

23   IT IS SO ORDERED.

24   Dated:   __July 20, 2022__               ___/s/ Barbara A. McAuliffe___

25                                          UNITED STATES MAGISTRATE JUDGE

26

27

28

                                          3